# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1177
_____

United States of America,

        Appellee,

v.

Zachary Palmer,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Northern District of Iowa.

[UNPUBLISHED]

_____

Submitted: May 14, 2008
Filed: May 23, 2008
_____

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

After appellant Zachary Palmer violated conditions of his supervised release, the district court[1] sentenced him to 36 months of imprisonment, a sentence above the advisory Guidelines range of 18-24 months. Palmer challenges his sentence, arguing that his sentence is unreasonable and that the district court abused its discretion by considering the presentence investigation report (PSR) that was prepared in 2000, when Palmer was sentenced for his underlying conviction. We affirm.

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

In June of 2000, Palmer was sentenced to 60 months of imprisonment and a four-year term of supervised release for distributing and aiding and abetting the distribution of crack cocaine. Palmer started serving his supervised-release term on June 25, 2004. On August 31, 2006, Palmer was arrested for domestic assault and driving without a driver's license. But instead of revoking Palmer's supervised release, the district court modified the conditions of his supervised release, requiring him to reside in a halfway house for 180 days and to submit to home detention with electronic monitoring for up to 30 days. Palmer was subsequently convicted of both offenses in Iowa state court.

In December of 2007, police officers executed a search warrant at Palmer's residence. During the search, the officers found 65.1 grams of crack cocaine, 12 grams of powder cocaine, 217.5 grams of marijuana, a digital scale, drug paraphernalia, and other evidence indicating that powder cocaine was being cooked into crack inside the residence. After completing the search, the officers interviewed Palmer, who admitted that the drugs were his. Palmer told the officers that he sold marijuana and crack, and that he had obtained powder cocaine three weeks previously and cooked some of it into crack for resale the night prior to the search. Palmer also admitted using marijuana and crack during the three weeks preceding the search.

The Government petitioned to revoke Palmer's supervised release. After a hearing, the district court granted the Government's petition, finding that Palmer violated the conditions of his supervised release by: possessing controlled substances with the intent to distribute; violating federal, state, and local law; and by unlawfully using controlled substances. See 18 U.S.C. § 3583(d) (establishing mandatory conditions of supervised release); 18 U.S.C. § 3583(g)(1) (requiring revocation of supervised release for illegal possession of a controlled substance, in violation of the condition required under subsection (d)). Based on Palmer's "Grade A" supervised-release violation–possession of crack and marijuana with the intent to distribute–and

a criminal history category of III at the time of sentencing in 2000, the district court calculated the advisory Guidelines range to be 18-24 months. See USSG § 7B1.1(a)(1) (defining a "Grade A Violation[]" of supervised release); USSG § 7B1.4(a) (establishing the range of imprisonment applicable upon revocation based on the grade of the supervised-release violation and the defendant's criminal history category at the time of sentencing for the underlying offense). But noting its authority under 18 U.S.C. § 3583(e)(3) to sentence Palmer to 36 months, and relying, in part, on Palmer's history and characteristics as reported in the 2000 PSR, the district court sentenced Palmer to 36 months of imprisonment with no subsequent term of supervised release.

On appeal, we review sentences for significant procedural error and substantive reasonableness. Gall v. United States, 128 S. Ct. 586, 597 (2007). In this Circuit, the standard for reviewing the district court's revocation sentence is the same reasonableness standard that we apply to review initial sentencing decisions post-Booker.[2] United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005). But see, e.g., United States v. Kizeart, 505 F.3d 672, 673-74 (7th Cir. 2007) (rejecting the position that the "plainly unreasonable" standard of 18 U.S.C. § 3742(e)(4) is the same as the reasonableness standard prescribed by Booker). In accordance with Gall, we review the substantive reasonableness of the district court's revocation sentence "under a deferential abuse-of-discretion standard." 128 S. Ct. at 591. The district court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Mousseau, 517 F.3d 1044, 1048 (8th Cir. 2008) (internal marks omitted).

---

[2] United States v. Booker, 543 U.S. 220 (2005).

We construe Palmer's argument that the district court improperly considered the 2000 PSR when it sentenced him as a challenge to the procedural soundness of the district court's sentencing decision. We find no plain, procedural error in the district court's consideration of, and reliance on, the 2000 PSR, an issue not raised before the district court. See United States v. Brandon, Nos. 07-1913, 07-2031, 2008 WL 918715, at *7 (8th Cir. Apr. 7, 2008) (reviewing unobjected-to sentencing procedures for plain error). Palmer cites no legal authority for the proposition that, when sentencing a defendant for violating the terms of his supervised release, the district court abuses its discretion by considering the PSR prepared for that defendant's initial sentencing proceeding. On the contrary, the scope of the district court's sentencing inquiry is broad and largely unlimited; 18 U.S.C. § 3661, for example, states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." See also United States v. Atkins, 250 F.3d 1203, 1212 (8th Cir. 2001) ("A district court has wide discretion at sentencing as to the kind of information considered or its source."). Moreover, the district court is required to consider the sentencing factors set forth by 18 U.S.C. § 3553(a), which include "the history and characteristics of the defendant." § 3553(a)(1). Typically, the PSR is the primary vehicle that the district court uses to evaluate the defendant's history and characteristics, as well as other factors that the district court must consider under § 3553(a). See § 3553(a)(2)(C), (D) (requiring the district court to consider "the need for the sentence imposed . . . (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

Palmer's related argument that he had no opportunity to object to the district court's consideration of the 2000 PSR is also without merit. Throughout the sentencing proceeding–both before and after the district court referenced the 2000 PSR–the district court gave Palmer the opportunity to make a record of his position.

But at no time during the proceedings did Palmer make objections relating to the 2000 PSR. Moreover, Palmer makes no claim that the 2000 PSR was inaccurate in any respect, and we fail to see how Palmer was prejudiced by the district court's reliance on accurate information. In fact, Palmer made no objection to the original PSR at the time of his original sentencing. Insofar as Palmer argues that reliance on the old PSR was improper because it was not updated with new information favorable to Palmer, he was free to present such information to the district court during the revocation sentencing hearing. Palmer, however, failed to do so and instead focused his argument on the circumstances surrounding his supervised-release violations. Even on appeal, Palmer fails to direct the court to any favorable information that would have been included in an updated PSR. Having carefully reviewed the record, we conclude that the district court did not commit procedural error in sentencing Palmer.

We also conclude that Palmer's 36-month sentence is not substantively unreasonable. The district court considered all of the requisite § 3553(a) sentencing factors and concluded that a sentence within the advisory Guidelines range of 18-24 months was insufficient to account for Palmer's "continuation of old patterns of [unlawful] behavior" in light of the court's "attempt[] to work with Mr. Palmer in the community." (Sent. Tr. at 24.) Given that Palmer violated the conditions of his supervised release in several ways–by possessing controlled substances with the intent to distribute, by using controlled substances, and by violating state and federal law–and given that Palmer has continued to engage in the same pattern of illegal conduct notwithstanding the court's previous lenience for an earlier violation of the conditions of his supervised release, we cannot conclude that the district court abused its discretion in weighing the § 3553(a) factors.

The judgment of the district court is affirmed.

_____

-5-