# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2239

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Herbert J. Eagle Thunder, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 11, 2008
Filed: January 12, 2009

_____

Before MURPHY, RILEY, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

After Herbert J. Eagle Thunder (Eagle Thunder) violated the terms of his supervised release, the district court[1] sentenced Eagle Thunder to 25 months imprisonment followed by 35 months of supervised release. Eagle Thunder appeals,

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

claiming the district court failed to reference the factors set forth in 18 U.S.C. § 3553(a) and imposed an unreasonable sentence.[2]  We affirm.

## I.    BACKGROUND

On December 23, 1988, a jury convicted Eagle Thunder of two counts of aggravated sexual abuse.  The incident giving rise to the conviction began on July 22, 1988, in the Lower Brule Indian Reservation in South Dakota.  The victim, an 11-year-old girl, and her 8-year-old brother got into a vehicle driven by Eagle Thunder's co-defendant, Hobart William Garneaux (Garneaux).  See United States v. Eagle Thunder, 893 F.2d 950, 951 (8th Cir. 1990).  At some point, Garneaux picked up Eagle Thunder and another man, and the men consumed alcohol with the girl.  Id. at 952.  In the early hours of July 23, 1988, Eagle Thunder caught the young girl when she exited the car to leave, and later Eagle Thunder ripped off her pants and raped the child.  Id.

The district court sentenced Eagle Thunder to two concurrent terms of 235 months imprisonment followed by 3 years of supervised release.[3]  Id. at 955.  As part of Eagle Thunder's supervised release, the district court imposed special conditions, which included: (1) "The defendant shall not commit any crimes, federal, state, local or tribal"; and (2) "Defendant shall not consume any alcohol."

---

[2]Eagle Thunder submitted a pro se letter, purporting to assert claims against his probation officer and claims of ineffective assistance of counsel based upon the conduct of the Federal Public Defender representing Eagle Thunder in this appeal. We do not address these claims as they are not properly before us.

[3]The district court initially sentenced Eagle Thunder to two concurrent terms of 365 months imprisonment. However, on appeal, our court vacated his sentence and remanded for resentencing, concluding the district court imposed an upward adjustment based upon material misinformation. See Eagle Thunder, 893 F.2d at 955-56.

On January 10, 2006, Eagle Thunder completed his prison sentence and began his term of supervised release. On February 25, 2008, Eagle Thunder's probation officer filed a petition to revoke Eagle Thunder's supervised release, claiming Eagle Thunder violated the conditions of his supervised release on eleven separate occasions between September 28, 2007, and February 21, 2008. The petition alleged Eagle Thunder consumed alcohol on six occasions; committed the offense of public intoxication on three occasions; and was convicted of driving under the influence twice. The petition also reported on January 28, 2007, during an unannounced home visit, minors were found consuming alcohol at Eagle Thunder's residence.[4] Eagle Thunder admitted guilt to seven violations of the conditions of his supervised release, including the six consumption of alcohol violations and one instance of public intoxication.

On May 12, 2008, Eagle Thunder appeared in the district court for his revocation and sentencing hearing. After hearing from counsel and Eagle Thunder, the district court sentenced Eagle Thunder to 25 months imprisonment and 35 months of supervised release. This appeal followed.

## II.   DISCUSSION

"On appeal, we may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). "We review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings." Id. (citing United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005)). "[W]e review the substantive reasonableness of the sentence under a deferential

---

[4]Eagle Thunder denied providing the minors alcohol and claimed they were friends of his roommate. A preliminary breath test verified Eagle Thunder had not consumed alcohol with the minors.

abuse-of-discretion standard." <u>Id.</u> (citing <u>Gall v. United States</u>, __ U.S. __, 128 S. Ct. 586, 597 (2007)).

### A.    Procedural Soundness

Eagle Thunder first argues the district court procedurally erred by failing to reference the relevant 18 U.S.C. § 3553(a) factors during the revocation hearing as required by 18 U.S.C. § 3583(e). Because Eagle Thunder did not object at sentencing to the adequacy of the district court's consideration of the § 3553(a) factors or the district court's explanation for the sentence, we review this issue for plain error. <u>See</u> <u>United States v. Gray</u>, 533 F.3d 942, 945 (8th Cir. 2008) (citing <u>United States v. Perkins</u>, 526 F.3d 1107, 1111 (8th Cir. 2008)).

The appropriateness of a district court's sentencing explanations "depends upon circumstances." <u>Rita v. United States</u>, __ U.S. __, 127 S. Ct. 2456, 2468 (2007). We do not require a district court to "mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." <u>United States v. White Face</u>, 383 F.3d 733, 740 (8th Cir. 2004) (citing <u>United States v. Jasper</u>, 338 F.3d 865, 867 (8th Cir. 2003)). Instead, "[e]vidence that the district court was aware of the relevant § 3553(a) factors required to be considered is sufficient," and this evidence "can be inferred from the record." <u>United States v. Franklin</u>, 397 F.3d 604, 607 (8th Cir. 2005).

A review of the record in this case demonstrates the district court was aware of the relevant sentencing factors. At the revocation hearing, the district court declared, "The Court is required to take into account all of the statutory factors set forth in 18 United States Code Sections 3553 and 3583, and I am doing so." The district court recited some of Eagle Thunder's history and in detail discussed Eagle Thunder's various violations of the conditions of his supervised release, that is, "the nature and circumstances of the offense and the history . . . of the defendant." 18 U.S.C. § 3553(a)(1). The district court also recognized the appropriate statutory maximum

term of imprisonment and referenced the advisory United States Sentencing Guidelines range. See id. at § 3553(a)(3)-(4). Finally, the district court explained the basis for Eagle Thunder's sentence, stating: "The defendant continues to consume alcohol, continues to operate a motor vehicle while under the influence of alcohol, and to not follow the rules." The court's discussion reflects "the need for the sentence imposed" "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." Id. at § 3553(a)(2). The district court, declining the government's request for the maximum sentence, decided not to "give up on Mr. Eagle Thunder at this time." We find the district court provided an adequate explanation for Eagle Thunder's sentence and did not commit plain error.

### B.      Substantive Reasonableness

Eagle Thunder next challenges the substantive reasonableness of his revocation sentence. He claims the district court abused its discretion by imposing a sentence that was greater than necessary to achieve the purposes of sentencing. See 18 U.S.C. § 3553(a). We disagree.

Upon revocation of supervised release, the district court was authorized to impose a sentence of up to 5 years imprisonment, because Eagle Thunder's original offense was a class A felony. See 18 U.S.C. § 3583(e)(3). Because each of the violations to which Eagle Thunder admitted guilt were grade C violations, and because Eagle Thunder had a criminal history category of II at the time he was originally sentenced to supervised release, the Guidelines recommended a range of 4 to 10 months imprisonment. See U.S.S.G. § 7B1.4(a). The government requested the 5-year statutory maximum term of imprisonment, and counsel for Eagle Thunder asked for a sentence within the Guidelines range to be followed by supervised release. The district court sentenced Eagle Thunder to 25 months imprisonment and 35 months of supervised release.

While Eagle Thunder's sentence is greater than the advisory Guidelines range, we conclude the district court did not abuse its discretion, and the sentence is not substantively unreasonable. Eagle Thunder repeatedly violated the conditions of his supervised release by consuming alcohol. Twice, he placed himself and others in danger by operating a vehicle while under the influence of alcohol. On one occasion, minors were found consuming alcohol at Eagle Thunder's residence, which is particularly troubling given Eagle Thunder's original offense was the rape of an 11-year-old girl who had been consuming alcohol. Eagle Thunder's sentence is not greater than necessary to achieve the purposes of sentencing.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

_____