# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3767

_____

United States of America,        *
       *
          Appellee,        *
       *    Appeal from the United States
     v.        *    District Court for the
       *    Northern District of Iowa.
David DeWayne Parson,        *
       *    [UNPUBLISHED]
          Appellant.        *

_____

Submitted: December 8, 2008
Filed: September 8, 2009

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

David DeWayne Parson pled guilty to conspiring to distribute, and to possess with intent to distribute, 500 grams or more of a mixture or substance containing methamphetamine, within 1000 feet of a college, between about January 2004 and August 18, 2005, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 860. He also pled guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On November 20, 2007, the district court sentenced Parson to 235 months' imprisonment. On appeal, Parson argues that the district court erred in calculating the applicable advisory guideline range and by requiring an

"exceptional" showing before it would consider his drug addiction. We conclude that the district court correctly calculated the advisory guideline range, but that Parson is entitled to resentencing in light of *Gall v. United States*, 128 S. Ct. 586 (2007).

Although the federal sentencing guidelines are now advisory, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Id.* at 596. In this case, the district court began by considering Parson's base offense level under USSG § 2D1.2. Based on the quantity of drugs for which it found Parson was responsible, the district court determined that Parson's base offense level was 39. *Id.* § 2D1.2(a)(2). Parson challenges this determination, alleging that the district court made two separate errors in calculating the applicable drug quantity.

First, Parson argues that the district court erred by including quantities of methamphetamine that he purchased between 1999 and 2003, prior to the beginning date of the charged conspiracy to which he pled guilty. We conclude that the district court did not clearly err by considering these amounts. In calculating a defendant's base offense level under the advisory guidelines, a district court must consider not only the offense of conviction, but also any relevant conduct. *Id.* § 1B1.3. We find no error in the district court's decision to treat Parson's prior drug transactions as relevant conduct, because there was sufficient evidence that they formed part of "the same course of conduct or common scheme or plan" as the conspiracy to which Parson pled guilty. *Id.* § 1B1.3(a)(2). According to testimony at sentencing, Parson maintained the same method of operation before the conspiracy – acting as a middleman between buyers and sellers and receiving payment for his services in the form of drugs – as he did during it. The district court was thus justified in concluding that Parson's prior drug transactions were sufficiently "close to the charged conduct in both their similarity and their regularity" to be included in the calculation of Parson's base offense level. *United States v. Anderson*, 243 F.3d 478, 485 (8th Cir. 2001).

Second, Parson contends that the district court erred by holding him responsible for drugs he acquired for his own use. This court has held, however, that in the case of a defendant convicted of conspiracy to distribute a controlled substance, the defendant is accountable for all drugs that are part of the same course of conduct or common scheme or plan, including quantities intended for personal use. *United States v. Weiland*, 284 F.3d 878, 882 (8th Cir. 2002); *United States v. Behler*, 100 F.3d 632, 637 (8th Cir. 1996).

Although the district court correctly calculated the advisory guideline range, Parson argues that the court erred when it determined the ultimate sentence based on the factors enumerated in 18 U.S.C. § 3553(a). The court did vary downward from the advisory range, but Parson says the court believed it could not consider Parson's drug addiction – an element of the history and characteristics of the defendant, *id*. § 3553(a)(1) – unless Parson was an "exceptional addict." S. Tr. 156; *see United States v. Hodge*, 469 F.3d 749, 757 (8th Cir. 2006) ("We have previously held that drug addiction is not a proper basis for sentencing a defendant below the advisory Guidelines range, absent extraordinary circumstances."). The government concedes that a requirement of extraordinary circumstances to justify a sentence outside the advisory range is impermissible in light of *Gall*, 128 S. Ct. at 595, and that the case should be remanded for the court to consider whether Parson's drug addiction would justify a further downward variance under § 3553(a). Expressing no view on whether a different sentence is warranted, we agree that a remand is appropriate. *See United States v. Alexander*, 556 F.3d 890, 893-94 (8th Cir. 2009).

For these reasons, we vacate Parson's sentence and remand for resentencing consistent with this opinion.

_____