# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3087

_____

United States of America,         *
         *
        Plaintiff – Appellee,    *
         *   Appeal from the United States
    v.              *   District Court for the
         *   District of South Dakota.
Louis Means,         *
         *   [UNPUBLISHED]
        Defendant – Appellant.   *

_____

Submitted: March 8, 2010
Filed: March 12, 2010

_____

Before MURPHY, JOHN R. GIBSON, and RILEY, Circuit Judges.

_____

PER CURIAM.

After Louis Means violated the terms of his supervised release, the district court[1] sentenced him to 18 months imprisonment, a nine month upward variance from the advisory sentencing guideline range. Means contends that the district court abused its discretion by procedurally erring and by imposing an unreasonable sentence. We affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

In 1999 Means participated in a brutal assault while under the influence of alcohol and drugs. He pled guilty to assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(3), and was sentenced to 96 months imprisonment followed by three years of supervised release. Means completed his prison term and began supervised release in December 2006, but by October 2007 he had committed four alcohol related violations of the release's conditions. His release was revoked, and he was sentenced to 6 months imprisonment followed by 24 months of supervised release.

Means completed his revocation prison sentence and began his second term of supervised release on March 1, 2008. Within a month, he had been discharged from a community alternative program for ingesting cough syrup, transferred to a work release program, and enrolled in a substance abuse treatment program. On August 7, 2008, Means was allowed to relocate to an unsupervised residence with significant conditions, including drug testing. By November 5, 2008, however, he was back in a work release program as a result of two more alcohol related violations. While there, he committed another alcohol related violation. Nevertheless he was allowed to move to an unsupervised residence on June 10, 2009. Within ten days, Means was arrested for disorderly conduct after police found him passed out in a bar.

The probation office filed a petition to revoke Means' supervised release, charging that he had on four occasions violated the special condition prohibiting the consumption of alcohol and that he had entered a bar and committed the offense of disorderly conduct, both of which also constituted violations. Means admitted to each of the alleged violations, and the district court revoked his supervised release. The court calculated the advisory sentencing guideline range at 3 to 9 months imprisonment.

Both parties requested an upward variance. The government requested a sentence of exactly one year to be followed by another term of supervised release. It justified its request as necessary to prevent the sentence from being truncated for good

time served and to ensure that Means would serve an additional 6 months were he to violate his supervised release again. Means also requested an upward variance, seeking a prison term of one year and one day in order to take advantage of the time served sentence reduction which the government sought to avoid. He also expressly requested that the court forego imposing any further supervised release.

After hearing argument from both parties, the district court inquired into the viability of further supervised release:

> Court: Can you be supervised?
> . . .
> Means: Truthfully, I really don't know.
> . . .
> Court: [W]hat have you done about your drinking problem?
> Means: I have been to treatment numerous times. I have been trying to further my treatment program . . . [a]nd I haven't found that to be satisfying yet.

The court concluded that any further supervised release would be futile:

> [I]f you are going to drink, you are going to hurt people or you are going to get hurt yourself. . . . I don't believe you can be supervised. You have been offered multiple chances to quit drinking. You have had multiple uses of alcohol. Supervision [of] you is just a waste of time. You show no desire to comply with conditions of supervised release despite having your supervision revoked; serving six months of custody you still show little or no sign of rehabilitation. . . . The probation office has exhausted all efforts to assist you in becoming a sober, productive citizen. . . . [S]upervised release has been tried and tried and tried for you.

The court then sentenced Means to 18 months imprisonment with no supervised release to follow. Neither party lodged any objections.

On appeal Means challenges both the procedural integrity and the substantive reasonableness of his revocation sentence. We review both contentions under the same deferential abuse of discretion standard that applies to initial sentencing

proceedings. See U.S. v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). We must first determine whether the district court committed a significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S 38, 51 (2007).

Because Means failed to raise his procedural objections at sentencing, we review them for plain error. Fed. R. Crim. P. 52(b). An unpreserved procedural error will not result in reversal unless the complaining party shows that it was plain, affected his substantial rights, and "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (quoting United States v. Johnson, 520 U.S. 461, 467 (1997)). An error affects substantial rights if there is a "reasonable probability" that in its absence a more favorable sentence would have been imposed. Id. at 552. We will not engage in conjecture, however. "'[W]here the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.'" Id. at 553 (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005)).

Means alleges that the district court failed to undertake an individualized assessment of the facts of his case, to consider the § 3553(a) factors, and to explain adequately the rationale underlying the sentence imposed. While "defendants do not have a right to have their sentences handed down according to any particular script," United States v. Jones, 563 F.3d 725, 729 (8th Cir. 2009) (internal quotation marks and citation omitted), the district court must make clear that it "considered the parties' arguments and has a reasoned basis for [its decision]," Rita v. United States, 551 U.S. 338, 356 (2007). Although the district court's sentencing discussion was brief and made no mention of § 3553(a), Means' failure to object at the time limits the scope of our review. He has failed to carry his burden on plain error review to show a

reasonable probability that he would otherwise have received a more favorable sentence. See Pirani, 406 F.3d at 550.

The district judge was clearly familiar with Means and the circumstances relevant to his sentencing. This was the second time it had sentenced Means after revocation of a term of supervised release, and they engaged in a lengthy colloquy regarding his history and his suitability for a third term. These considerations were relevant under § 3553(a)(1) and (2). The court also considered the advisory guideline range and each party's arguments for an upward variance, as well as Means' request not to impose additional supervised release. Means has not shown plain error. See id. at 553.

Means also challenges the substantive reasonableness of his sentence on the basis that it is greater than necessary to accomplish the sentencing purposes identified in § 3553(a)(2). In contrast to procedural objections, the failure to object at sentencing does not limit our review of the substantive reasonableness of a sentence to plain error. See United States v. Wiley, 509 F.3d 474, 477 (8th Cir. 2007). Our review is for an abuse of discretion. Gall, 552 U.S at 51. We may consider the extent of any variance from the advisory guideline range, "but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify [it]." Id.

After careful review, we conclude that the sentence imposed by the district court is not substantively unreasonable. Means had displayed a consistent inability to adhere to the requirements of his supervised release. The court considered the guideline range but agreed with both parties that an upward variance was justified. Given the extent of Means' violations and the substance abuse which connects them to his original underlying offense, we cannot conclude that the district court abused its discretion by imposing the sentence that it did. See Gall, 552 U.S at 51; see also United States v. Eagle Thunder, 553 F.3d 605, 608–09 (8th Cir. 2009) (finding 15 month upward variance from guideline range reasonable given defendant's repeated

violations of supervised release); <u>United States v. Larison</u>, 432 F.3d 921 (8th Cir. 2006) (finding 49 month upward variance reasonable for same reason).

Accordingly, the judgment of the district court is affirmed.

_____