# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3130

_____

United States of America,                        *
                                                 *
              Plaintiff – Appellee,              *
                                                 *    Appeal from the United States
       v.                                        *    District Court for the
                                                 *    District of South Dakota.
Aaron J. Young, also known as                    *
A.J. Young,                                      *
                                                 *    [UNPUBLISHED]
              Defendant – Appellant.             *


_____

Submitted: March 8, 2010
Filed: March 12, 2010

_____

Before MURPHY, JOHN R. GIBSON, and RILEY, Circuit Judges.

_____

PER CURIAM.

       Aaron J. Young violated the terms of his supervised release, and the district court[1] revoked his release and sentenced him to 18 months imprisonment, a seven month upward variance from the advisory sentencing guideline range. Young contends that the sentence is unreasonable relative to the severity of his violations. We affirm.

_____

       [1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

In 2005 Young pled guilty to assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), and was sentenced to 46 months imprisonment followed by three years of supervised release. After he escaped from custody, his prison term was extended by 11 months, to be followed by two years of supervised release. Young completed his prison term and began supervised release on December 29, 2008. On March 7, 2009 he violated the terms of his release by consuming alcohol and testing positive for cocaine. Although he was verbally reprimanded and referred to daily substance abuse testing, he failed to participate in testing and attended a required anger management program only once.

In April 2009 Young again violated his release terms by moving to a new residence without notifying his probation officer. He was verbally reprimanded a second time and ordered to report to his original supervised residence at a community corrections center. When he did not, a petition to revoke his supervised release was filed and a warrant for his arrest issued. He was taken into custody nearly two months later.

Young admitted to having violated two of the special conditions of his supervised release by consuming alcohol and disregarding his probation officer's instruction to return to his original supervised residence. The district court adopted the report and recommendation of the magistrate judge and revoked Young's supervised release. At sentencing the district court reviewed Young's behavior during his supervised release. It also observed that Young had been in the federal criminal justice system intermittently since age 14 and that a previous probation sentence had been revoked because he had violated its terms.

After calculating the advisory sentencing guideline range to be 5 to 11 months imprisonment, the court expressed its agreement with the probation officer that Young was a poor candidate for any further supervised release. It stated that it had considered the statutorily required sentencing factors set forth in 18 U.S.C. §§ 3583 and 3553 and sentenced Young to 18 months imprisonment, 6 months short of the maximum prison sentence for which he qualified. See § 3583(e)(3); United States v.

Eagle Thunder, 553 F.3d 605, 608 (8th Cir. 2009).  The court declined to order any further term of supervised release.

On an appeal from the revocation of a term of supervised release, we review the substantive reasonableness of the sentence imposed under a deferential abuse of discretion standard, U.S. v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008), "giv[ing]. due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," Gall v. United States, 552 U.S 38, 51 (2007). Young challenges his sentence as unreasonable on the basis that it exceeded the advisory guideline maximum by 7 months, that this was his first occasion on supervised release, and that his violations were initially met only with verbal reprimands.

Although the district court varied upward from the advisory sentence, it did so for good reason and with adequate explanation.  In less than four months on supervised release Young had accumulated a number of significant violations.  A previous probation term had been revoked for violations and a prison sentence extended for his escape from custody.  We cannot conclude that the district court abused its discretion in determining that continuing Young's supervised release would prove futile and that "the § 3553(a) factors, on a whole, justif[ied] the extent of the variance."  See Gall, 552 U.S at 51; see also United States v. Miller, 557 F.3d 910, 917–18 (8th Cir. 2009) (finding two consecutive 5 month upward variances from guideline range reasonable given defendant's repeated violations of supervised release);  Eagle Thunder, 553 F.3d at 608–09 (finding 15 month upward variance reasonable for same reason); Merrival, 521 F.3d at 891 (finding 13 month upward variance reasonable for same reason).

Accordingly, the judgment of the district court is affirmed.

_____