# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1552

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Anthony Gentile, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 3, 2010
Filed: August 6, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

While Anthony Gentile was serving a term of supervised release, he admitted violating certain supervised release conditions. The district court[1] revoked supervised release and imposed a sentence consisting of both imprisonment and additional supervised release. On appeal, Gentile argues that the imposition of additional supervised release is unreasonable and does not reflect proper consideration of the 18 U.S.C. § 3553(a) sentencing factors, and that the parties agreed only to a prison term.

_____

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

Even assuming (without deciding) that the court's sentence was inconsistent with the parties' sentencing recommendation, the court was not bound by the recommendation; and upon careful review, we conclude that the revocation sentence is not unreasonable.  See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (standard of review).  The sentence is within statutory limits and accords with the Sentencing Guidelines, see United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (revocation sentence within Guidelines range is accorded presumption of substantive reasonableness on appeal); and the record reflects that the district court considered and applied appropriate section 3553(a) sentencing factors, see id. (district court need not make specific findings).[2]

Accordingly, we affirm the district court's judgment, and we grant counsel's request for leave to withdraw, subject to counsel informing Gentile about procedures for seeking rehearing and filing a petition for certiorari.

_____

_____

[2]To the extent Gentile is arguing in his pro se brief that counsel rendered ineffective assistance, we decline to consider any such claim in this direct appeal. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).