# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2084

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from United States |
| | * | District Court of the Western |
| John D. Berry, also known as | * | District of Missouri. |
| Tony A. Ruff, also known as | * | |
| Darrell L. Berry, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2011
Filed: April 6, 2011

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

John Berry appeals from the sentence of 18 months imposed on him for committing a crime while on supervised release following his conviction for being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). He asserts that the sentence was unreasonable. We disagree and affirm.

The district court[1] found, and Mr. Berry admitted, that Mr. Berry repeatedly threatened to harm or kill a woman resident at a re-entry center. The policy statements in Chapter 7 of the United States Sentencing Guidelines, which apply to revocations of supervised release, recommend a sentence of 7 to 13 months' imprisonment in the circumstances of this case. *See* U.S.S.G. § 7B1.4. But these policy statements, though they must be taken into account in fixing a sentence, *see* 18 U.S.C. § 3553(a)(4)(B), are not binding, and we review a sentence imposed for the violation of supervised release for an abuse of discretion. *See United States v. Thunder*, 553 F.3d 605, 607 (8th Cir. 2009). Here, the sentencing record reveals that the district court was well aware of all the relevant considerations in § 3553(a) that bear on sentencing following revocation of supervised release, *see* 18 U.S.C. § 3583(e), and carefully weighed them in fixing the sentence. In particular, the court alluded to Mr. Berry's extensive criminal history, the likelihood that he would commit further crimes, and the need to protect the public. The nature of the crimes that Mr. Berry committed on supervised release also influenced the district court's decision, because Mr. Berry's criminal history included sexual assaults. Mr. Berry, moreover, displayed truculence at sentencing, which provided evidence of his incorrigibility. There is no abuse of discretion here. *See Thunder*, 553 F.3d at 608-09.

Affirmed.

_____

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.