# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2044

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Tawny Sage Eagle Louse, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 21, 2011
Filed: November 23, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Tawny Sage Eagle Louse challenges the 18-month prison sentence the district court[1] imposed upon revoking her probation. Upon careful review, we first conclude that the district court did not commit any procedural error, much less plain error, in sentencing Eagle Louse. See United States v. Thunder, 553 F.3d 605, 608 (8th Cir. 2009) (plain error review applies where defendant does not object at sentencing to adequacy of district court's explanation or consideration of 18 U.S.C. § 3553(a); court did not commit plain error where it

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

recited some of defendant's history, discussed his various violations, recognized appropriate statutory maximum, referenced advisory Guidelines range, and noted defendant's continuing alcohol problem and failure to follow rules); see also United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (district court need not make specific findings on § 3553(a) factors; all that is generally required to satisfy appellate court is evidence that court was aware of relevant factors).  We further conclude that the sentence the district court imposed upon revoking Eagle Louse's probation was not unreasonable.  See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)); United States v. White Face, 383 F.3d 733, 738 (8th Cir. 2004) (Chapter 7 of Guidelines is merely advisory, and thus revocation sentence above recommended range is not upward departure); cf. Thunder, 553 F.3d at 609 (sentence above advisory Guidelines range upon revocation of supervised release was not substantively unreasonable where defendant repeatedly violated conditions of supervised release).

Accordingly, we affirm the judgment of the district court.

_____