# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2372

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Deangelo Tarryl Grant, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 9, 2011
Filed: January 23, 2012

_____

Before MURPHY, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After Deangelo Tarryl Grant violated the terms of his supervised release for the third time, the district court[1] sentenced him to thirty months' imprisonment, with no supervised release to follow. Grant appeals, arguing the district court committed a procedural error by failing to adequately consider the factors listed in 18 U.S.C. § 3553(a) and abused its discretion by imposing a substantively unreasonable sentence. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

In September 2004, Grant pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The district court sentenced him to sixty months in prison, followed by sixty months of supervised release. Grant began serving his initial term of supervised release in November 2007. In February 2008, the district court revoked Grant's term of supervised release and sentenced him to twelve months' imprisonment, followed by a new sixty-month term of supervised release. Grant began serving his second term of supervised release in January 2009, which the district court again revoked in June 2009. Following Grant's second revocation, the court sentenced him to twenty-four months in prison and imposed a two-year term of supervised release.

Grant commenced his third term of supervised release in December 2010. In March 2011, the Probation Office issued a report, alleging Grant had violated certain conditions of his release. Specifically, the report noted a warrant had been issued for Grant's arrest for possession with intent to distribute marijuana, among other violations. A final revocation hearing was set for June 2, 2011. At the hearing, Grant admitted to the allegations in the report and the court proceeded to sentencing. After calculating an advisory Guidelines range of twenty-four to thirty months in prison under United States Sentencing Guidelines Manual § 7B1.4(a), the court sentenced Grant to thirty months' imprisonment, with no supervised release to follow. Grant timely appealed.

On appeal, Grant argues the district court committed procedural error by failing to consider the sentencing factors set forth in section 3553(a) and contends the court abused its discretion by imposing a substantively unreasonable sentence. We review a revocation sentence under the same "deferential abuse-of-discretion" standard we apply to initial sentencing proceedings, considering both "the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009). However, because Grant failed to raise his procedural objections at sentencing, we review them

for plain error only. Fed. R. Crim. P. 52(b); see also United States v. Townsend, 618 F.3d 915, 918 (8th Cir. 2010). To succeed under plain error review, Grant must show: "(1) an error; (2) that is plain; and (3) that affects substantial rights. Townsend, 618 F.3d at 918. "An error affects substantial rights if there is a 'reasonable probability' that in its absence a more favorable sentence would have been imposed." United States v. Means, 365 F. App'x 720, 722 (8th Cir. 2010) (per curiam) (unpublished) (quoting United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005)).

Grant alleges the district court procedurally erred by failing to consider the relevant section 3553(a) factors and failing to explain the rationale underlying its sentence. Although a district court must consider the factors set forth in section 3553(a), "there is no requirement that the district court make specific findings relating to each of the factors considered." United States v. Franklin, 397 F.3d 604, 606 (8th Cir. 2005) (internal quotation marks and citation omitted). Moreover, we have consistently held a district court need not "mechanically recite the § 3553(a) factors when, as here, it is clear from the record that the court properly considered those factors." United States v. McKanry, 628 F.3d 1010, 1021 (8th Cir. 2011). "All that is required is evidence that the court has considered the relevant matters," Franklin, 397 F.3d at 607 (internal quotation marks and citation omitted), and we find such evidence present here.

The record shows the district court was familiar with Grant's repeated violations of the conditions of his supervised release. In fact, this was the third time the court had sentenced Grant after revocation of a term of supervised release. See, e.g., id. ("It also is worth noting that the judge who presided over [defendant's] sentence after revocation of supervised release was the same judge who imposed [defendant's] initial sentence; therefore, at the revocation hearing, the district court was aware of [defendant's] history and characteristics.") (citing 18 U.S.C. § 3553(a)(1)); Means, 365 F. App'x at 723 (considering the district court's familiarity with defendant's repeated violations of his release conditions as part of its review for

procedural soundness). In addition, the revocation transcript indicates the court inquired about Grant's family status, his substance abuse problems, and his ongoing involvement in illegal criminal activities. See 18 U.S.C. § 3553(a)(1). Lastly, the record shows the court considered Grant's request for a below-Guidelines sentence and his arguments such a sentence would still¡ provide a just punishment for the offense. See § 3553(a)(2). Thus, while we acknowledge the district court's sentencing discussion was brief and made no mention of the statutory sentencing factors, under our limited scope of review, we conclude Grant has not shown plain error.

Applying a deferential abuse-of-discretion standard, we also conclude the sentence imposed by the district court is not substantively unreasonable. The sentence is within the properly calculated advisory Guidelines range, see U.S.S.G. § 7B1.4(a), and is therefore presumed reasonable. United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). Further, the sentence is based on the court's consideration of the relevant section 3553(a) factors, including Grant's multiple violations of his release conditions, his substance abuse, and his continued engagement in the same pattern of illegal conduct. See, e.g., United States v. Young, 640 F.3d 846, 849 (8th Cir. 2011) (per curiam) (upholding a within-Guidelines revocation sentence as reasonable based on defendant's numerous failures to comply with the conditions of his supervised release); Means, 365 F. App'x at 723 (concluding the revocation sentence was reasonable given defendant's "consistent inability to adhere to the requirements of his supervised release[,] . . . the extent of [his] violations[,] and the substance abuse which connects them to his original underlying offense"); United States v. Palmer, 278 F. App'x 702, 705 (8th Cir. 2008) (unpublished) (per curiam) (finding a sentence reasonable where the court properly weighed the section 3553(a) factors and considered defendant's repeated violations of his release conditions and his continued engagement in illegal activities). Having carefully considered the record, we are

confident the district court acted well within its discretion in sentencing Grant to thirty months' imprisonment.

Accordingly, we affirm the district court's judgment.

_____