# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2515

_____

United States of America

*Plaintiff - Appellee*

v.

Revis Allen Hill

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: January 28, 2014
Filed: January 31, 2014
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Revis Allen Hill was serving a period of supervised release following release from prison on a federal assault conviction when he admitted to violating a condition of his supervised release. The district court[1] revoked supervised release and imposed

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

a revocation sentence consisting of 12 months of imprisonment and 2 years of supervised release. Hill appeals, arguing that the district court committed procedural error by failing to properly consider the 18 U.S.C. § 3553(a) factors at the revocation hearing and by failing to explain adequately the revocation sentence. He also argues that the sentence is substantively unreasonable.

Upon careful review, this court concludes that the district court did not commit procedural error when sentencing Hill, who did not object during the sentencing hearing. *See United States v. Miller*, 557 F.3d 910, 915-17 (8th Cir. 2009) (standard of review); *United States v. Thunder*, 553 F.3d 605, 608 (8th Cir. 2009) (plain-error review applies where defendant does not object at sentencing; court did not commit plain error where, inter alia, court recited some of defendant's history, discussed various violations, recognized appropriate statutory maximum, and referenced advisory Guidelines range). The revocation sentence, which was within the advisory Guidelines range, was not substantively unreasonable. *See United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009) (applying presumption of substantive reasonableness to revocation sentence within Guidelines range). This court affirms.

Allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. Counsel's motion to withdraw is denied without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment. This court also denies Hill's pro se motion for appointment of new counsel.[2]

_____

_____

[2]In his motion seeking new counsel, Hill appears to suggest that the district court unconstitutionally applied revocation Guidelines that were harsher than the version that was in effect at the time he committed the original offense. Without commenting on the legal merits of that argument, this court simply notes that the suggestion is factually incorrect.