# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3718
_____

United States of America

*Plaintiff - Appellee*

v.

Maurice E. Lindsey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 23, 2014
Filed: June 4, 2014
[Unpublished]

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Maurice Lindsey appeals his revocation sentence of 24 months, following the district court's[1] finding that Lindsey violated his conditions of supervised release.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Specifically, Lindsey claims that the sentence imposed was substantively unreasonable.

In August 2004, Lindsey was sentenced to 120 months in prison to be followed by three years of supervised release after pleading guilty to being a felon in possession of a firearm. On April 18, 2013, Lindsey began his term of supervised release in the Western District of Missouri. Not five months later, in September 2013, his probation officer submitted several reports to the district court alleging that Lindsey had violated the terms of his supervision. Included in the violations were positive drug sweat patches and a contentious verbal encounter wherein Lindsey made veiled threats to his female probation officer. The district court found that Lindsey violated the terms of his supervision based upon these incidents. The court found that the violations were "serious" and that, although the revocation sentencing range was from 8 to 14 months for these "Grade C" violations, the court determined that a sentence of 24 months, with no supervision to follow, was warranted. When explaining the sentence, the district court stated that: Lindsey had demonstrated he was not amenable to supervision; Lindsey had significant criminal history; the seriousness of the offense and promoting respect for the law–especially given that Lindsey had threatened his probation officer–warranted the increased sentence; and Lindsey needed the correctional treatment provided by the Bureau of Prisons.

We review the substantive reasonableness of a revocation sentence under the abuse-of-discretion standard. United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (quotation omitted). Lindsey argues that because he obtained employment, incurred no arrests, had no negative contacts with law enforcement, and reported to his probation officer as directed during his brief period

of supervision, the 24-month sentence is greater than necessary and substantively unreasonable.  The district court was unmoved by these arguments and placed great weight on the verbal altercation between Lindsey and his probation officer in determining the sentence.  We do not find this was an abuse of its considerable discretion.  Because the district court properly considered the relevant sentencing factors, <u>see</u> 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not impose an unreasonable sentence, we affirm.

_____