# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-1367

———————————————

United States of America

*Plaintiff - Appellee*

v.

Leron L. Morris, also known as Lo Key

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: July 22, 2014
Filed: July 24, 2014
[Unpublished]

——————————

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Leron Morris directly appeals after the District Court[1] revoked his supervised release and sentenced him above the Chapter 7 advisory Guidelines range to the

———————————————

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

applicable statutory maximum of 24 months in prison. The revocation occurred after Morris had violated his release conditions seven times—a fact highlighted by the District Court in determining that the advisory Guidelines range was not sufficient to promote Morris's respect for the law and deter him from further criminal conduct. Morris's counsel has moved to withdraw and has filed a brief arguing that the District Court abused its discretion by sentencing Morris to the maximum sentence.

Upon careful review, we conclude that the District Court did not abuse its discretion in sentencing Morris. See United States v. Thunder, 553 F.3d 605, 609 (8th Cir. 2009) (holding that a revocation sentence above the advisory range was not substantively unreasonable where the defendant repeatedly violated supervised release); United States v. Larison, 432 F.3d 921, 924 (8th Cir. 2006) (affirming a statutory maximum revocation sentence where the district court justified its decision by giving supporting reasons); see also United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) (noting that a revocation sentence is reviewed for substantive reasonableness under a deferential abuse-of-discretion standard). Accordingly, we affirm the judgment of the District Court, and we grant counsel's motion to withdraw, subject to counsel informing Morris about procedures for seeking rehearing or filing a petition for certiorari.

_____