# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3186

_____

United States of America

*Plaintiff - Appellee*

v.

Sean Michael Ward

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 11, 2015
Filed: May 20, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Sean Michael Ward pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Ward requested a downward variance

to 60 months from the applicable 77 to 96 months advisory guideline range. The district court[1] sentenced Ward to 96 months, and he appeals his sentence.

On January 26, 2013 law enforcement officers searched Ward's apartment while investigating a stabbing report. A .22 handgun was found under Ward's bathroom sink and corresponding ammunition in his trash can. Subsequently he was arrested in July 2013 and charged with being a felon in possession of a firearm in violation of 18 U.S.C §§ 922(g) and 924(a)(2). He pled guilty on May 19, 2014.

At sentencing, the district court credited him for acceptance of responsibility and calculated his advisory guideline range to be 77 to 96 months. Ward requested a downward variance to 60 months while the government asked for a sentence of 77 months, the lower end of the guideline range. In considering the relevant 18 U.S.C. § 3553(a) mitigating factors, the district court recognized Ward's difficult upbringing and mental health challenges, but also took note of his "history of violence" combined with "the proximity of this crime to the last crime and the serious nature of this particular crime" before imposing a sentence of 96 months.

We review a district court's sentence under the deferential abuse of discretion standard. United States v. Richart, 662 F.3d 1037, 1045 (8th Cir. 2011). We first examine whether the district court committed any significant procedural error, and then consider whether the sentence is substantively reasonable. United States v. Frausto, 636 F.3d 992, 995 (8th Cir. 2011). "Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts," or failing adequately to explain the chosen sentence. Id. (internal quotation marks omitted). Ward failed to raise an objection to alleged

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa

procedural error before the district court, and so our review of any procedural error is for plain error.  United States v. Means, 365 Fed. App'x 720, 722–23 (8th Cir. 2010).  When the district court imposes a sentence within the advisory guideline range, we may assume it is substantively reasonable, subject to rebuttal by the defendant.  United States v. Beasley, 688 F.3d 523, 535 (8th Cir. 2012).

Ward claims the district court did not properly weigh the § 3553(a) factors when imposing an unreasonable sentence.  After our review we are satisfied that the district court considered the relevant factors before giving the nature of Ward's offense and his criminal history greater weight than his difficult upbringing, history of drug addiction, and mental health troubles.  Given the wide discretion a district court has in sentencing and the deferential standard of review, we cannot say that the district court plainly erred in its weighing of the § 3553(a) factors or abused its discretion in imposing Ward's sentence.

The judgment of the district court is affirmed.

_____