# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1037

———————————————

United States of America

*Plaintiff - Appellee*

v.

Justin Jerome Howard

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Aberdeen

——————————

Submitted: September 20, 2021
Filed: November 24, 2021
[Unpublished]

——————————

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

——————————

PER CURIAM.

After Justin Jerome Howard violated the conditions of his supervised release, the district court[1] sentenced him to the statutory maximum term of imprisonment of

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

24 months, see 18 U.S.C. § 3583(e)(3), to be followed by five years' supervised release.  Howard argues that the sentence was procedurally unreasonable because the district court failed to adequately explain its reasoning for imposing a sentence well above the U.S. Sentencing Guidelines range of 5 to 11 months' imprisonment. Because Howard did not object at sentencing, we review for plain error whether the district court adequately explained the sentencing factors set forth in 18 U.S.C. § 3553(a).  See United States v. Eagle Thunder, 553 F.3d 605, 608 (8th Cir. 2009) (standard of review).

We conclude that there was no plain error in the district court's explanation of Howard's revocation sentence.  The district court explicitly stated that it was aware of and had considered the § 3553(a) factors.  See id. (explaining that the district court need not recite each § 3553(a) factor but must show that it was aware of the proper sentencing factors).  The district court further explained its reasoning for its sentence, noting that Howard's supervised release had been revoked three times on this and on another underlying conviction, that he had consumed alcohol and failed to appear at work numerous times, and that the 11-month sentence the court had imposed at his previous revocation had not accomplished its intended purpose of deterring Howard's violations.  The district court adequately explained the sentence, relying in particular on "the need . . . to promote respect for the law" and the need "to afford adequate deterrence to criminal conduct."  See 18 U.S.C. § 3553(a).  We thus conclude that it did not commit plain error in sentencing Howard.  See Eagle Thunder, 553 F.3d at 608.

The judgment is affirmed.

_____