# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3053

———————————————

United States of America

*Plaintiff - Appellee*

v.

Betty Jerrine Heart, also known as Betty Jerrine Mulluk

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Western

——————————

Submitted: March 14, 2022
Filed: June 2, 2022
[Unpublished]

——————————

Before GRASZ, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

At Betty Heart's second revocation hearing, the district court[1] sentenced her to six months in prison and eight months of supervised release. Heart challenges the substantive reasonableness of her supervised release. We affirm.

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

Heart was sentenced to ten months in prison and two years of supervised release for assaulting a police officer. She served her prison term, but then violated the terms of her release by testing positive for drugs and alcohol. Her revocation sentence was three months in prison and one year of supervised release. After that prison term ended, she violated again—this time by getting kicked out of two treatment centers; using meth, alcohol, and inhalants; and failing a drug test. At the revocation hearing, the Government, Probation Office, and Heart all requested a sentence without supervised release because Heart had not been able to successfully complete supervised release in the past. But the district court, citing Heart's extreme substance abuse problem and need for treatment, sentenced her to six months in prison followed by eight months of supervised release. Heart challenges her supervised release sentence on substantive reasonableness grounds.

We review the substantive reasonableness of a supervised release sentence for abuse of discretion. United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009). A district court abuses its discretion when it (1) "fails to consider a relevant factor that should have received significant weight;" (2) "gives significant weight to an improper or irrelevant factor;" or (3) "considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (citation omitted).

At the revocation hearing, the district court discussed Heart's addiction problems, the need for treatment following her release, and Heart's desire to further her education—all appropriate considerations under § 3553(a). See United States v. Parson, 343 F. App'x 163, 165 (8th Cir. 2009) (per curiam) (unpublished); 18 U.S.C. § 3553(a)(2)(D). Heart argues that the district court failed to give appropriate weight to the parties' sentencing recommendation and to her willingness to seek treatment. But the court is not bound by the parties' recommendations. United States v. Gentile, 388 F. App'x 557, 558 (8th Cir. 2010) (per curiam) (unpublished). It was not an abuse of discretion for the court to decide that, even though supervised release had not been effective before, another attempt was appropriate.

-2-

Heart also cites her demonstrated desire to get addiction treatment as evidence that supervised release is unnecessary. Shortly before her revocation hearing, Heart took the initiative to apply for, and was accepted into, a residential treatment facility. But the magistrate judge denied her motion to delay the hearing pending her treatment, and she lost her spot at the facility.[2] Still, the district judge did not err by giving Heart's desire for treatment too little weight. Heart tried treatment before while on supervised release, but had twice failed to complete the program. There is nothing in the record showing that her circumstances differed so dramatically this time that supervised release was unnecessary. Because the district court did not abuse its discretion, we affirm.

————————————————

[2]Heart does not challenge the magistrate judge's decision on appeal.