# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3095

_____

United States of America,

                Appellee,

v.

Tyjuan Develle Townsend,

                Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*
\*

_____

Submitted: June 18, 2010
Filed: August 26, 2010

_____

Before SMITH and HANSEN, Circuit Judges, and WEBBER,[1] District Judge.

_____

SMITH, Circuit Judge.

Tyjuan Develle Townsend appeals the 120-month sentence that the district court[2] imposed after Townsend pleaded guilty to possessing more than three grams of cocaine base after having two or more final convictions for state felony drug offenses, in violation of 21 U.S.C. § 844(a). Townsend argues that the district court

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

committed reversible procedural error by failing to adequately explain his sentence and that his sentence is substantively unreasonable. We affirm.

## I. *Background*

After Townsend pleaded guilty to violating § 844(a), a presentence investigation report (PSR) was prepared. Based on a total offense level of six and a criminal history category of VI, the PSR calculated Townsend's Guidelines range as 12 to 18 months' imprisonment. But the statutory mandatory minimum required 60 months' imprisonment.

At sentencing, Townsend did not object to the PSR; as a result, the district court "rel[ied] upon the accuracy and truthfulness of the statements [in the PSR] in reaching [its] decisions . . . ." The district court then engaged in a lengthy sentencing colloquy and discussion of the factors outlined in 18 U.S.C. § 3553(a). Ultimately, the district court sentenced Townsend to 120 months' imprisonment.

## II. *Discussion*

On appeal, Townsend asserts that the district court procedurally erred by sentencing him above the Guidelines range—the statutory mandatory minimum of 60 months—to 120 months' imprisonment and that his sentence is substantively unreasonable.

### A. *Procedural Error*

The first step in reviewing a sentence is to ensure that the district court committed no significant procedural error. Examples of procedural error include: failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*United States v. Hill*, 552 F.3d 686, 690 (8th Cir. 2009) (internal quotations and citation omitted).

In the present case, Townsend "failed to object at sentencing to any alleged procedural sentencing error." *Id*. Townsend's failure to timely object to such alleged error means that "the error is forfeited and may only be reviewed for plain error." *Id*. (internal quotations and citations omitted). Therefore, Townsend "must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *Id*. (internal quotations and citations omitted). "Even if the defendant shows these three conditions are met, we may exercise our discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotations, alteration, and citations omitted).

According to Townsend, the district court procedurally erred "by failing adequately to explain the chosen sentence." *See id*. at 691.

> *Gall* [*v. United States*, 552 U.S. 38 (2007),] sets forth the procedure to be followed in sentencing a criminal defendant. The district court should begin by correctly calculating the applicable Guidelines range. The Guidelines should be the starting point and the initial benchmark, but the Guidelines are not the only consideration. The district judge should allow both parties an opportunity to argue for whatever sentence they deem appropriate, and then should consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.

*Id*. (internal quotations, alterations, and citations omitted). Ultimately, the district court

> must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. It is

uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Id*. (internal quotations, alteration, and citation omitted). In explaining its rationale for the chosen sentence and discussing the § 3553(a) factors,

a district court is not required to provide a full opinion in every case, but must set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.

*Id*. (internal quotations and citation omitted).

Our review of the sentencing transcript reveals that the district court "provided ample explanation of its rationale for the sentence imposed." *See id*. The district court *extensively* cited Townsend's substantial criminal background, the "innumerable second chances" that Townsend had, the need to protect the public from further offenses, and the need to avoid unwarranted sentencing disparities.[3] Therefore, we

---

[3]For example, the district court recounted the "offender characteristics sections" of the PSR, focusing on Townsend's gang involvement and substance abuse. The court also noted that Townsend "had little or inconsequential employment history." Thereafter, the district court focused its discussion on Townsend's substantial criminal history and ultimately concluded as follows:

The Court notes that, again, the defendant was on parole at the time of the instant offense, he continued criminal conduct while on pretrial release, he has a very extensive and serious criminal history which everybody acknowledges and, frankly, Mr. Townsend, I don't know there's any reasonable basis for finding that you are sincere in your protestations that you have changed.

hold that "[t]he district court did not commit significant procedural error, much less plain error, in explaining [Townsend's] sentence." *Id.* at 692.

## B. *Substantive Reasonableness*

Townsend also argues that his sentence is substantively unreasonable because his conviction "for possession of more than one gram of cocaine base after two felony drug convictions was a run-of-the-mill case and his guideline range was sufficient but not greater than necessary to fulfill the sentencing objectives of § 3553(a)."

Because we concluded that the district court "committed no plain procedural error," we must now

> consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range. In contrast to procedural errors, a defendant does not forfeit an attack on the substantive reasonableness of a sentence by failing to object in the district court.
>
> Although we may consider the extent of the deviation, we must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance. The sentencing judge is in a

---

> We're talking here, and your mother talks about second chances, but you've had innumerable second chances along the way and they've been followed almost immediately with additional criminal conduct. The Court must also consider the need to protect the public from further offenses by you and to deter others from following the same course of action. As I've suggested, one of the objectives is to avoid the disparities in sentencing among people charged with similar crimes and with similar criminal histories and criminal backgrounds. I just don't believe the 60 months comes close to the sentence that should be imposed in this case.

superior position to find facts and judge their import under § 3553(a) in the individual case. Therefore, the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

*Id.* at 690–91 (internal quotations, alterations, and citations omitted).

Here, the district court specifically enumerated the § 3553(a) factors in its lengthy sentencing colloquy and discussed those factors, focusing primarily on Townsend's *substantial* criminal history and drug abuse.[4]

---

[4]The district court stated, in relevant part:

Under the offender characteristics sections and particularly in paragraph 43 of the presentence report, in that latter part of the first paragraph, I find the statement, quote, the defendant stated he became involved with the Wolff Street crips gang when he was 7 years old. And he was initiated by being, quote, jumped in, unquote, when he was 8 years old. He stated he began dealing and abusing drugs at that time.

\*\*\*

Now, paragraph 47 is important because it reviews the history of your connection with drugs. I'll read from it. The defendant reported he began using alcohol at age 12 and was once intoxicated at that age. He stated he drank alcohol on July 4, 2008. He advised he does not like alcohol and rarely drinks. He began smoking marijuana at age 13. He advised that in the year leading up to his arrest, for the instant offense, he smoked marijuana on a weekly basis. He began using cocaine and crack cocaine at age 16. He reported he used daily until he was sent to prison.

He stated he was released from prison and stayed sober for approximately one month before he relapsed and began a, quote, 8 ball, unquote, or 3.5 grams per day. The defendant stated he began using ecstasy in 2005 after his release from prison. He stated he generally consumed ecstasy on the weekends. He stated he was referred to weekly outpatient substance abuse treatment meetings in Little Rock, Arkansas

-6-

parole office in 2005, 2006. On June 18, 2007, and August 20, 2007, the defendant tested positive for marijuana and cocaine while on pretrial supervision for a separate offense. He was subsequently referred to substance abuse treatment at Recovery Centers of Arkansas on July 3, 2007, and he completed the program on November 27, 2007.

The defendant's choice substance is crack cocaine and he admitted it is the substance that has caused him the most problems. The defendant stated he tended to associate himself with people who spent money on drugs. He befriended them and was able to get access to drugs for himself. He reported he would like to receive additional drug treatment.

\*\*\*

Paragraph 54 states that by entering a plea of guilty to Count 4 of the indictment, Mr. Townsend has reduced his statutory exposure to incarceration from a maximum of 70 years down to 20 years, a maximum fine exposure of 1,750,000 down to 250,000 and a special penalty assessment exposure from 400 to 100 dollars. Absent the plea agreement, the defendant could have been held accountable for a larger quantity of drugs and he would have been considered a career offender, thus his total offense level would have been 30 and the sentencing range would have been 168 to 210 months under the guidelines.

\*\*\*

The criminal history is set forth starting at paragraph 23 and running through paragraph 34 of the presentence report. And as I indicated, it summarizes that you have 18 criminal history points, which now after your sentencing in Judge Holmes' case would be 20, but in any event, that would create a criminal history category of VI. There is first a juvenile adjudication November 24, 1995, with respect to a controlled substance, but then the adult convictions start at paragraph 24 and the first is robbery and theft of property.

Count 1 is robbery, which you received a sentence of 20 years. Count 2, five year imprisonment to run concurrently with Count 1. And it shows that on May 3, '05, you were paroled, and on July 10, '06, you absconded, and on 7/12/07, you returned from abscond status. I won't go

into the details. I've read the details of each of these offenses. Then, also when you were 18, you were charged and you pled on 1/5/98, pled guilty to possession of cocaine with intent to deliver in Pulaski County, 120 months imprisonment with 78 months suspended for a total of 42 months. And then the same, parole absconded, and returned to abscond status followed on. Then on paragraph 26, still age 18, manufacture—Count 1, manufacture or delivery of controlled substance, Pulaski County Circuit Court, pled guilty to 120 months imprisonment with 36 months suspended for a total of 84 months imprisonment consecutive to the term imposed in criminal 97-2964.

Once again, we have the '05 parole, the '06 absconding, and the '07 return from abscond status. And then paragraph 27 is when you were 19, Count 1, possession of a controlled substance with intent to deliver, pled guilty, 36 months imprisonment consecutive to time being served, and then the same results afterwards when you were paroled on 5/3/05. Then, on paragraph 28 on June 29, '05, when you were age 26, you pled guilty to Count 1, which was possession of a controlled substance and received five years probation, a thousand dollar fine, court costs, 60 hours of community service within 12 months, and driver's license suspended.

Then paragraph 29, there's a conspiracy count, conspiracy to tamper with witness, and this is the case before Judge Holmes and it shows that on 2/11—that's February 11, '09, you pled guilty to a conspiracy to tamper with a witness, and I'm advised that you were sentenced on July 20, '09 to 37 months by Judge Holmes. On June 29, '08, there was a domestic battery charge to which you pled no contest and you had one year in jail. Then it goes on to compute your criminal history score and added two points if the defendant committed the offense while under any criminal justice sentence. And you were on parole when this particular offense was committed and, therefore, there's a two-level increase. And there was a one-level increase if the defendant—one point is added if the defendant committed the offense less than two years after his release from imprisonment.

And this particular offense, you were released from imprisonment on

Although Townsend's sentence is twice the mandatory minimum, a district court need not "justify an extraordinary variance with an extraordinary or equally compelling justification" as "this line of reasoning is no longer good law after the Supreme Court's decision in *Gall . . . .*" *United States v. Clay*, 579 F.3d 919, 933–34 (8th Cir. 2009). In *Gall*, the "Court expressly rejected any 'appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range.'" *Id*. at 934 (quoting *Gall*, 552 U.S. at 594–95).

After considering "the totality of the circumstances, including the extent of the variance from the Guidelines range and giving due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance," we conclude that the district court did not abuse its discretion in sentencing Townsend to 120 months' imprisonment and that "no basis [exists] for concluding the sentence is substantively unreasonable." *Hill*, 552 F.3d at 693 (internal quotations, alterations, and citations omitted).

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____

May 3, 2005, and the offense occurred on July 13, 2006, so that would add up to 18, but I've also indicated that since you've been sentenced at this present time, the criminal history points would be 20.