# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2659

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Felix De La Cruz-Hinojosa, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: December 13, 2010
Filed: February 14, 2011

———————

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Felix de la Cruz-Hinojosa pled guilty to illegal reentry into the United States after being deported, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced him to 36 months' imprisonment. De la Cruz-Hinojosa appeals his sentence, and we affirm.

———————————————

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

The presentence investigation report (PSR) recommended an advisory guideline range of 57 to 71 months' imprisonment, based on a total offense level of 21 and a criminal history category of IV. The total offense level was based, in part, on a 16-level increase applied where the defendant previously was deported after a felony drug trafficking conviction for which the sentence imposed exceeded 13 months. *See* USSG § 2L1.2(b)(1)(A)(i). The qualifying offense, according to the PSR, was a 1987 state conviction for unlawful delivery of phentermine. The PSR also assigned three criminal history points based on that conviction. *See* USSG § 4A1.1(a).

De la Cruz-Hinojosa objected to the 16-level enhancement, challenging the fact of the 1987 conviction, that the conviction qualifies as a "drug trafficking offense," and that the sentence imposed exceeded 13 months. The government presented evidence on the issue, and the district court concluded that de la Cruz-Hinojosa was convicted of a drug trafficking offense in 1987, but that the length of the sentence imposed was unclear. The court thus assessed a 12-level increase pursuant to USSG § 2L1.2(b)(1)(B), which applies where the previous sentence imposed was 13 months or less. After the government declined to move for a third level of reduction for acceptance of responsibility under § 3E1.1(b), the court determined that the resulting total offense level was 18. In addition, because the government failed to prove the length of the 1987 sentence, the court reduced de la Cruz-Hinojosa's criminal history score and placed him in criminal history category III. *See* USSG § 4A1.1(a)-(c). The court calculated a final advisory guideline range of 33 to 41 months.

De la Cruz-Hinojosa urged the court to impose a sentence of no more than eight months, based on the factors set forth in 18 U.S.C. § 3553(a). The district court declined to vary from the advisory guideline range and imposed a sentence of 36 months' imprisonment.

On appeal, de la Cruz-Hinojosa appears to argue that the district court committed procedural error by failing to consider and discuss the § 3553(a) factors and by presuming that a sentence within the advisory guideline range is reasonable. Because de la Cruz-Hinojosa did not object at sentencing to these alleged procedural errors, we review for plain error. *United States v. Townsend*, 618 F.3d 915, 918 (8th Cir. 2010).

The district court committed no error. First, the district court adequately considered the § 3553(a) factors and explained its sentence. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007). In explaining a chosen sentence, a district court need not mechanically recite the factors, "particularly when [the court] elects simply to apply the advisory guideline range to a particular case." *United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) (internal quotation omitted); *see also Rita v. United States*, 551 U.S. 338, 356-57 (2007). "If a district court adverts to some of the considerations contained in § 3553(a), we have been satisfied that the [sentencing] court . . . was aware of the entire contents of the relevant statute." *United States v. Hernandez*, 518 F.3d 613, 616-17 (8th Cir. 2008) (alterations in original) (internal quotations omitted). Here, although the district court did not engage in a detailed discussion of each of the factors, the court cited both de la Cruz-Hinojosa's criminal history and the advisory guideline range as the basis of its chosen sentence. *See* 18 U.S.C. § 3553(a)(1), (a)(4). On this record, we are satisfied that the court sufficiently considered the § 3553(a) factors and provided an adequate explanation of the sentence imposed.

Second, although the sentencing court may not presume that a sentence within the applicable guideline range is reasonable, *Nelson v. United States*, 129 S. Ct. 890, 892 (2009), the record does not reflect that the district court did so here. In fact, prior to ruling on the offense level increase under § 2L1.2(b)(1), the court indicated that the sentence would likely not please either party, "regardless of the guidelines." After calculating the final guideline range, the court commented that the range was

"appropriate for a sentence that [de la Cruz-Hinojosa] ought to receive." These statements indicate that the court sought to impose an individualized sentence and did apply an impermissible presumption of reasonableness.

De la Cruz-Hinojosa also asserts that his sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing. *See* 18 U.S.C. § 3553(a). He argues that the § 3553(a) factors, on balance, required a more lenient sentence. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall*, 552 U.S. at 41, and we presume that a sentence imposed within the advisory guideline range is substantively reasonable. *Rita*, 551 U.S. at 341; *United States v. Harris*, 493 F.3d 928, 932 (8th Cir. 2007).

The sentence imposed was not unreasonable. A district court is accorded significant discretion in determining how to weigh the § 3553(a) factors. *See Gall*, 552 U.S. at 51-52; *United States v. Ruelas-Mendez*, 556 F.3d 655, 657-58 (8th Cir. 2009). At sentencing, the court focused on de la Cruz-Hinojosa's criminal history and the advisory guideline range. The court explained that although de la Cruz-Hinojosa "stayed out of trouble for a long time," he has a "substantial criminal history," making a sentence of 36 months, within the advisory guideline range, "appropriate." This determination was a permissible exercise of the court's wide discretion.

The judgment of the district court is affirmed.

_____