# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1775

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Willie Earl Manning, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 9, 2012
Filed: January 17, 2012

_____

Before MURPHY, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Willie Earl Manning pled guilty to possession of crack cocaine with intent to distribute and being a felon in possession of a firearm. The district court sentenced him to 262 months imprisonment and 8 years of supervised release. Manning appeals his sentence, arguing that he received ineffective assistance of counsel in respect to it. The government concedes that there was error in Manning's sentence. We reverse and remand for resentencing.

A presentence report (PSR) for Manning was prepared. His counsel made no objections to it until the sentencing hearing when he objected to the criminal history computation because it included convictions over ten years old. He also questioned

Manning's base offense level because he was unsure whether it reflected the crack cocaine amendment to the sentencing guidelines. See U.S.S.G. app. C (vol. III) amend. 706 (2011). The district court then corrected Manning's criminal history score and explained that the offense level calculation had been based on amendment 706. Manning's counsel made no other objections.

The court determined that as a career offender Manning's criminal history category was VI and his base offense level was 37. See U.S.S.G. § 4B1.1(b). After a three level reduction for acceptance of responsibility, Manning's total offense level was 34. The district court then sentenced him to concurrent terms of 262 months imprisonment, at the low end of the guideline range, for his drug conviction and 180 months for his firearm conviction.

On appeal Manning argues that he received ineffective assistance of counsel because his attorney did not examine the full PSR or review it with him and did not submit timely objections or a sentencing memorandum. The government agrees that Manning received ineffective assistance of counsel but for a different reason. It submits that Manning's sentence was based on an erroneous application of the career offender provision and that his counsel should have objected. Manning's offense level was incorrectly calculated in the PSR which had used a statutory maximum punishment of life imprisonment for Manning's drug offense rather than the correct statutory maximum of 40 years. See 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (possession offense and penalty). With a three level reduction for acceptance of responsibility Manning's base offense level should have actually been 34 with a total offense level of 31. U.S.S.G. § 4B1.1(b). The correct guideline range should thus have been 188–235 months.

We conclude that the district court committed a plain procedural error in sentencing Manning. See United States v. Townsend, 618 F.3d 915, 918 (8th Cir. 2010). Procedural error includes improper calculation of the guideline range, United

States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), and this error is plain under the relevant career offender section of the guidelines and the statutory maximum for Manning's drug offense. U.S.S.G. § 4B1.1(b); 21 U.S.C. § 841(b)(1)(B)(iii). Not only did the district court err in calculating the guideline range, but its sentence of 262 months was greater than a properly calculated range of 188–235 months. There is thus "a reasonable probability that [Manning] would have received a lighter sentence but for the error." United States v. Molnar, 590 F.3d 912, 915 (8th Cir. 2010).

The parties agree that Manning must be resentenced. Accordingly, we reverse and remand for resentencing.

_____