# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1962

_____

United States of America

*Plaintiff - Appellee*

v.

Tyson Marshek

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 23, 2013
Filed: October 28, 2013
[Unpublished]

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Tyson Marshek appeals the district court's[1] imposition of a 14-month sentence resulting from the second revocation of Marshek's supervised release. Marshek

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

contends the district court failed to adequately consider Chapter 7 of the Sentencing Guidelines and the factors under 18 U.S.C. § 3553(a) and thus imposed an unreasonable sentence. We affirm.

In 2003, the United States District Court for the Southern District of Georgia sentenced Marshek to 72 months imprisonment and 3 years of supervised release for a bank robbery conviction. Jurisdiction over Marshek was transferred to the United States District Court for the Southern District of Iowa. On July 2, 2008, Marshek began serving supervised release, but, only two months later, an arrest warrant was issued for Marshek based on the allegation that he had left the district without permission of the court or probation officer. Two years later, Marshek was located in California and arrested. The district court revoked Marshek's supervised release and sentenced him to 8 months imprisonment to be followed by 28 months of supervised release.

Marshek served his additional imprisonment time and was again placed on supervised release. Within two months of the commencement of his supervised release, another arrest warrant was issued for him alleging, among other things, that he again left the district without permission. A year later, Marshek was located in Virginia and arrested. The district court again revoked Marshek's supervised release, sentenced him to 14 months imprisonment, and decided that no term of supervised release would follow.

During the revocation hearing, Marshek and his counsel discussed Marshek's health issues including symptoms of Multiple Sclerosis and liver difficulties. After recognizing that it had considered "each of the factors found in Title 18, United States Code, Section 3553(a), as well as the Sentencing Guidelines Chapter 7 Policy Statements," (Tr. 6), the district court imposed the 14-month sentence with no term of supervised release. The court noted this sentence was "sufficient, but not greater than necessary, to address the essential sentencing considerations." (Tr. 13.)

Marshek appeals his sentence, arguing the district court committed procedural error in failing to consider the Chapter 7 policy statements and the section 3553(a) factors, and this procedural error resulted in a substantively unreasonable sentence.

We review a revocation sentence under the same "deferential abuse-of-discretion" standard we apply to initial sentencing proceedings, considering "both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009) (quotation omitted). Because Marshek failed to raise his procedural objections at sentencing, we review any claim of procedural error for plain error only. Fed. R. Crim. P. 52(b); see also United States v. Townsend, 618 F.3d 915, 918 (8th Cir. 2010), cert. denied, 131 S. Ct. 1515 (2011). To succeed under plain-error review, Marshek "must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Townsend, 618 F.3d at 918 (quotation omitted). "An error affects substantial rights if there is a 'reasonable probability' that in its absence a more favorable sentence would have been imposed." United States v. Means, 365 F. App'x 720, 722 (8th Cir. 2010) (unpublished per curiam) (citing United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005)).

Marshek cannot show that the district court committed a procedural error when it sentenced him to 14 months imprisonment. The court noted that, before deciding on a sentence, it had considered both the Chapter Seven policy statements and the section 3553(a) sentencing factors. A detailed listing and discussion of each element of Chapter Seven or each factor of section 3553(a) is not required, particularly when the defendant does not object at sentencing to the adequacy of the court's explanation. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Accordingly, we reject Marshek's claim of procedural error.

Moreover, we reject Marshek's claim that his above-Guidelines sentence is substantively unreasonable. While a district court must calculate the suggested range,

it is not bound to impose a sentence within that range. The Chapter Seven guidelines suggested a post-revocation sentencing range for Marshek of three to nine months based on the Grade C violation for leaving the district without permission. United States Sentencing Commission, Guidelines Manual, §§ 7B1.1(a)(3); 7B1.4(a). Though Marshek's sentence was longer than the post-revocation sentence suggested under Chapter 7, "[w]e have long recognized the purely advisory nature of the Chapter 7 policy statements." United States v. Larison, 432 F.3d 921, 922 (8th Cir. 2006). We have consistently found that a defendant's repeated violations of supervised release can justify a post-revocation sentence well above that suggested by the Chapter 7 policy statements. See, e.g., Larison, 432 F.3d at 922-24; United States v. Cotton, 399 F.3d 913, 916-17 (8th Cir. 2005) (affirming a 46-month sentence for repeated violations where the advisory range was 7 to 13 months). Considering Marshek's history of violating the terms of supervised release, it was not unreasonable for the court to impose a longer sentence with no supervised release. Accordingly, the district court did not abuse its considerable discretion in imposing the 14-month sentence.

We affirm.

_____