# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3350
_____

United States of America

*Plaintiff - Appellee*

v.

Maurice D. Bell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 10, 2022
Filed: May 20, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Maurice Bell appeals from his 82-month sentence following his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). He argues that the district court[1] procedurally erred in imposing an upward variance to 82 months' imprisonment because the court (1) failed to explain its application of the sentencing factors under 18 U.S.C. § 3553(a), and (2) based its sentence on clearly erroneous facts. He also maintains that his sentence is substantively unreasonable. We affirm.

## I. *Background*

Officers from the Kansas City, Missouri Police Department conducted a traffic stop on a car suspected of having an improperly displayed license plate. During the stop, the officers became suspicious of Bell, the front passenger, who appeared extremely nervous. An officer asked Bell for his name and date of birth. The occupants' evasiveness and the strong smell of marijuana emanating from the vehicle led officers to remove the occupants from the vehicle and place them in the patrol car. Bell admitted to officers that he had given a false name and that his real name was "Maurice D. Bell." A computer check revealed that Bell was a convicted felon and had nine outstanding Kansas City municipal arrest warrants.

The officers arrested Bell and the driver based on the active warrants. Officers did an inventory search before towing the vehicle. Police found a cloth bag containing a Smith & Wesson 9mm pistol with the Serial No. FYK0600 located under the front passenger seat where Bell had been seated. "The firearm was loaded with 15 live rounds of ammunition in the magazine that was capable of accepting 16 rounds of ammunition (extended magazine), one live round of ammunition in the chamber, and the firearm was inside of a black holster with a magazine pouch on the front." R. Doc. 55, at 4. The magazine pouch contained "a magazine loaded with 16 live rounds of ammunition (extended magazine)." *Id.* Police confirmed that the firearm was reported as stolen from Blue Springs, Missouri. The cloth bag also

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

contained several plastic baggies with drug residue, a digital scale with drug residue, a baggie with ten unknown pills,[2] a baggie with 3.29 grams of powder cocaine, two baggies with a total of 34.37 grams of marijuana, and a silver spoon with residue.

Bell was charged with being a felon in possession of a firearm. He pleaded guilty without a plea agreement. The government advised the court that it had offered Bell a plea agreement in which both parties would be prohibited from arguing for a sentence outside the Guidelines range. In the proposed plea agreement, the government would also agree not to charge Bell with possession with intent to distribute ecstacy or possession of a firearm during or in furtherance of a drug-trafficking crime, which require a mandatory consecutive sentence of five years' imprisonment. Bell had tentatively accepted the plea agreement but ultimately rejected it the day before the change-of-plea hearing. He decided to plead guilty without a plea agreement. Bell admitted to the court that he knew the firearm was under the passenger's seat when he was arrested and that he was the one who put it there. He also admitted that he was a convicted felon who was prohibited by federal law from possessing a firearm. He conceded that the government could prove that the firearm traveled in interstate commerce.

The PSR calculated a base offense level of 20 because the offense involved a large-capacity magazine. *See* U.S.S.G. § 2K2.1(a)(4)(B). It increased Bell's offense level by two levels because the firearm was stolen. *Id.* § 2K2.1(b)(4)(A). It added another four levels because Bell possessed the firearm in connection with another felony offense—the possession of 3.29 grams of powder cocaine located in the cloth bag with the firearm. *See id.* § 2K2.1(b)(6)(B). Bell's adjusted offense level was 26.

---

[2]At sentencing, the government represented that the ten pills were ecstasy. R. Doc. 66, at 5–6. But Bell asserted that "a factual dispute [existed] about what those pills actually were" and that not *all* of the pills "test[ed] positive for ecstasy." *Id.* at 8.

After deducting three levels for acceptance of responsibility, the PSR calculated a total offense level of 23.

As for Bell's criminal history, he had 18 state and municipal convictions over the course of 16 years. These convictions included the sale and possession of controlled substances, domestic abuse, violating a protective order, and resisting arrest. Bell received only two criminal history points as a result of these 18 convictions. The PSR calculated a criminal history category of II. A criminal history category of II, combined with a total offense level of 23, resulted in a Guidelines range of 51 to 63 months' imprisonment.

The PSR reported Bell's admission that he was a "social" user of marijuana. R. Doc. 55, at 22. Additionally, Bell "admitted to using ecstasy for a period of time" but "stated he has not used ecstasy since age 28." *Id.*

At sentencing, the government argued for an upward variance with a sentence between 108 to 120 months' imprisonment. In support, the government cited Bell's "history of domestic violence" and "history of lying to the police and being convicted of that." R. Doc. 66, at 5. The government also argued that Bell was not just a felon in possession in the present case but also a "drug dealer" based on the cloth bag's contents. *Id.*

The court sentenced Bell to 82 months' imprisonment, a sentence higher than the calculated Guidelines range but less than the increase the government sought. The court "considered all [of the § 3553(a)] factors" in reaching the sentence. *Id.* at 14. Analyzing Bell's "respect for the law," the court focused on Bell's "prior convictions which . . . include domestic violence and . . . not cooperating with law enforcement." *Id.* at 15. The court also found that Bell's "relevant conduct . . . . has all the indicia of drug dealing." *Id.* In support, the court pointed out that the "gun with th[e] extended

magazine and the other extended magazine" were found with the drugs. *Id.* The court commented, "It's rare we find people dealing drugs that don't have guns. They go together." *Id.*

The court did recognize certain mitigating factors. First, it acknowledged that Bell had "been cooperative since [he has] been incarcerated" and had "completed programs." *Id.* Second, the court acknowledged Bell's "great family support." *Id.* at 16. Ultimately, the court decided to sentence Bell "above the [G]uidelines." *Id.* It explained, "[I]t's where I come out after weighing all these factors, which include protecting the public, deterrence, the nature and circumstances of this offense, and respect for the law." *Id.*

After imposing Bell's sentence, the court inquired, "[I]s there anything else on behalf of the defendant?" *Id.* at 17. Bell's counsel responded, "No, Your Honor." *Id.*

## II. *Discussion*

On appeal, Bell argues that (1) the district court procedurally erred in imposing an upward variance of 82 months' imprisonment, and (2) the 82-month sentence is substantively unreasonable.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard. We review a district court's sentence in two steps, first reviewing for significant procedural error, and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020) (cleaned up).

Bell maintains that the district court procedurally erred in two respects. First, he argues that the district court "[f]ail[ed] to explain the application of important

§ 3553(a) factors." Appellant's Br. at 8. Second, he argues that the district court erred in "select[ing] its 82-month sentence based on clearly erroneous facts, concluding Mr. Bell was involved in drug dealing activity in connection with the firearm possession." *Id.*

"Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Isler*, 983 F.3d at 341 (internal quotation marks omitted).

Generally, we review de novo the district court's application of the Guidelines and review for clear error its factual findings. *United States v. Brooks-Davis*, 984 F.3d 695, 700 (8th Cir. 2021). But in this case plain error review is appropriate. The record shows that after the district court imposed Bell's sentence, Bell "lodged no procedural objections to the district court's sentence." *See United States v. Wohlman*, 651 F.3d 878, 883 (8th Cir. 2011). In fact, Bell declined to do so when the district court inquired whether there was "[a]nything else on behalf of the defendant." R. Doc. 66, at 17; *see also Wohlman*, 651 F.3d at 883 ("Wohlman even declined to [procedurally object] when the district court inquired as to whether there was 'anything else that we need to tend to on this case today.'"). "Because he 'failed to object at sentencing to any alleged procedural sentencing error,' 'the error is forfeited and may only be reviewed for plain error.'" *Wohlman*, 651 F.3d at 883–84 (quoting *United States v. Townsend*, 618 F.3d 915, 918 (8th Cir. 2010)). Under plain-error review, Bell "must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *Id.* at 884 (quoting *Townsend*, 618 F.3d at 918).[3]

---

[3]Bell "did not object to the district court's alleged lack of explanation" and now claims procedural error. *United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021). Bell argues that "[t]o the extent this [c]ourt requires a defendant to re-assert objections to procedural rulings after the imposition of sentence, the [c]ourt should

Bell argues that the district court procedurally erred by not fully addressing his arguments. A district court, however, is not required to "specifically respond to every argument made by the defendant or mechanically recite each § 3553(a) factor." *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam) (internal quotation marks omitted). It "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *Id.* (internal quotation marks omitted). "[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009). "In explaining the sentence, the district court need only set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Clark*, 998 F.3d 363, 368 (8th Cir. 2021) (cleaned up).

Here, the court explained that it varied upwards "after weighing all the[] [§ 3553(a)] factors, which include protecting the public, deterrence, the nature and circumstances of this offense, and respect for the law." R. Doc. 66, at 16. Based on this record, the district court did not commit error, plain or otherwise, in explaining why it imposed an 82-month sentence.

Bell also argues that the district court clearly erred in finding that his conduct indicated that he was a drug dealer. He notes that the case involves "a very small

re-consider that requirement in light of the Supreme Court's decision in *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020)." Appellant's Reply Br. at 1–2 (footnote omitted). *Holguin-Hernandez*, however, "never addressed the issue of improper procedure." *Coto-Mendoza*, 986 F.3d at 586. The holding of *Holguin-Hernandez* is "limited"; in that case, "the Supreme Court explicitly stated that it was *not* deciding the issue of 'what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at its chosen sentence.'" *Id.* (quoting *Holguin-Hernandez*, 140 S. Ct. at 767).

quantity of cocaine," which "[s]tanding alone . . . is insufficient to support an inference of distribution." Appellant's Br. at 12. According to Bell, no evidence exists to support an inference of distribution, such as "that the drugs were packaged for resale" or "other indicia of drug distribution, such as cash or multiple cell phones." *Id.* at 12–13. Bell contends that "[t]he contemporaneous presence of drugs along with a firearm is not sufficient evidence to conclude that [he] was dealing drugs." *Id.* at 13. Bell maintains that this factual finding "was a major factor in the court's decision to impose an upward variance and sentence [him] to 82 months in prison." *Id.*

The district court concluded that the undisputed facts of the case indicated that Bell was dealing drugs based on the "gun with that extended magazine and the other extended magazine and the drugs found contemporaneous with" the drugs. R. Doc. 66, at 15. The court determined that "[t]he gun is part of drug dealing" because drugs and guns "go together." *Id.*

Here, the record supports the district court's finding that Bell was dealing drugs, as opposed to merely possessing them. *See United States v. Flax*, 988 F.3d 1068, 1074–75 (8th Cir. 2021) ("Firearms are used in various aspects of drug trafficking schemes beyond merely facilitating drug transactions, such as protecting drugs and drug profits and intimidating drug customers, distributors and competitors." (cleaned up)). The undisputed facts show that along with the firearm, law enforcement discovered ammunition, a digital scale, baggies with drug residue, and three different types of drugs, some of which Bell did not use personally. According to the PSR, Bell admitted only to currently using marijuana, not cocaine or ecstasy. This evidence, combined with Bell's prior convictions for selling drugs, supports the district court's conclusion that Bell was dealing drugs. The district court did not plainly error in its factual finding.

Lastly, Bell argues that the district court abused its discretion by sentencing him to 82 months' imprisonment because it (1) "failed to consider relevant factors that should have received significant weight"; (2) "failed to consider the substantial mitigation arguments [he] presented," such as his relationship with his son; and (3) "committed a clear error of judgment in weighing the sentencing factors," such as "plac[ing] tremendous weight on its finding that [he] was involved with drug dealing." Appellant's Br. at 15–16.

This court reviews the substantive reasonableness of a district court's sentence for abuse of discretion. *Isler*, 983 F.3d at 344. "We may not, however, consider a sentence outside the range presumptively unreasonable. In considering the extent of a variance, we give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Foy*, 617 F.3d 1029, 1036 (8th Cir. 2010) (internal quotation marks and citations omitted).

Bell's 82-month sentence is an upward variance from the Guidelines range of 51 to 63 months' imprisonment. The upward variance imposed in this case is not substantively unreasonable in light of the record facts and the district court's evaluation of the applicable sentencing factors.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____