# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2664
_____

United States of America

*Plaintiff - Appellee*

v.

Charles Brings Plenty

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: November 17, 2025
Filed: December 17, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Charles W. Brings Plenty pled guilty to being an accessory after the fact, to a fatal assault of another, in violation of 18 U.S.C. §§ 3 and 1153. The district court[1]

_____

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

varied upward, sentencing him to 120 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Brings Plenty and a 16-year-old male picked up C.J. Grass in April 2023. After getting into a fight, they assaulted him with a bat, struck him with a car, kicked and punched him, and left him to die.

Brings Plenty argues the district court erred in varying upward and imposing a 120-month sentence (guideline range was 78 to 97 months) for his role in the death. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id*. (internal quotation marks omitted). It "will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id*. at 464.

The district court properly applied the § 3553(a) factors and justified the variance, considering the nature and circumstances of the offense of conviction:

> The Court has before it in Charles Brings Plenty a 32-year-old from Pine Ridge, a member of the Oglala Sioux Tribe. He has pleaded guilty to accessory after the fact to second degree murder. The maximum sentence this Court can impose is 15 years in prison for a conviction on that offense.
>
> The United States through a motion for upward departure or variance seeks the full 15-year sentence. It would be 180 months.
>
> The Defendant opposes that and seeks a sentence within the advisory guideline range of 78 to 97 months. The Court must apply the factors of 18 United States Code Section 3553(a) in determining what

sentence to impose on Mr. Brings Plenty. The starting point is, in fact, with the advisory guideline range calculated as 78 to 97 months.

The Court then considers the nature and circumstances of the offense of conviction. Here is where the United States makes the bulk of its push for an above guideline range sentence. It is difficult to know with a degree of certainty exactly what occurred on April 21, 2023, that brought about the murder of C.J. Grass. And the reason why there's a bit of difficulty is the only two who know precisely what occurred are this Defendant, Charles Brings Plenty, and his nephew D.B.P., the 16-year-old. C.J. Grass is—is dead. And given that his body was not discovered until a substantial period after the murder, a lot of the physical evidence that could have helped in discerning exactly what occurred is—is gone. In short, what the Court knows is that this Defendant was about 31 years of age and had been drinking with his then 16-year-old nephew, D.B.P., who was driving. They came upon C.J. Grass, who apparently voluntarily got into a vehicle with them. C.J. Grass was 38 at the time. They went to an isolated area on the Pine Ridge Indian Reservation near Old Sundance Grounds. And evidently there was more drinking going on there. The death of D.B.P.'s brother Brandon arose. This would be presumably another nephew of this Defendant.

And reading from the factual basis statement, which has the first person as this Defendant, "I became upset. I got out of the car to fight Grass. I shouted at Grass, 'What the f*** did you do to my cousin?'" This would be the nephew, Brandon. As I mentioned, sometimes family relationships are a little convoluted, but it's a relative.

"D.B.P. assaulted Grass with a black baseball bat in the head. D.B.P. used the vehicle to strike Grass, causing Grass to fly up on the hood of the car. D.B.P. assisted"—assisted—in the factual basis statement, "assisted in the assault by kicking and punching and striking Grass with the bat. After Grass was beaten, both D.B.P. and I got back into the car and left Grass on the roadside. We went back to a friend's house, and D.B.P. bragged about assaulting Grass." That's the factual basis statement in part, signed by Mr. Charles Brings Plenty, the Defendant here.

-3-

So from that the Court takes that it was this Defendant who initially became angry at C.J. Grass and got out of the car to fight him, yelling, "What the f*** did you do to my cousin," who would be the brother of D.B.P. And there's reference to D.B.P. assisting, albeit this Defendant does not want to acknowledge having physical contact with C.J. Grass. But the assault appears to have involved a period of time of beating in the head, striking with a car, a further beating and kicking of C.J. Grass.

The Court cannot ignore the dynamic here that we have on the one hand as a perpetrator a 16-year-old nephew, maybe it's a cousin, but nephew type, and the Defendant, a 31-year-old. So there is more here, more complicity here than simply accessory after the fact.

. . . .

What's hard to reconcile, and is irreconcilable, is this Defendant's statement that you didn't strike him with a bat, and D.B.P.'s statement that D.B.P. didn't strike him in the head, that this was this Defendant in using the bat. Not uncommon for defendants to point blame at one another as they try to minimize their role. And it is true D.B.P. admitted as a juvenile the underlying offense, and this Defendant has pleaded guilty to accessory after the fact. But, again, there's more than just accessory after the fact going on here. He was actually present throughout the time of the beating that caused C.J. Grass's death.

So the Court does find grounds for upward variance based on the nature and circumstances.

Contrary to Brings Plenty's assertions, the court also considered his personal characteristics and the need to avoid unwarranted sentencing disparities. The district court did not abuse its discretion in varying upward. *See United States v. Townsend,* 618 F.3d 915, 920-21 (8th Cir. 2010) (affirming a variance of twice the mandatory minimum and noting that a district court need not "justify an extraordinary variance with an extraordinary or equally compelling justification").

-4-

\* \* \* \* \* \* \*

The judgment is affirmed.

_____